H. F. PHILIPSBORN & Co., Plaintiff-Appellee and Cross-Appellant, *v.* MORRIS SUSON *et al.*, Defendants-Appellants—(MORRIS SUSON *et al.*, Defendants and Cross-Appellees, and M. SUSON ASSOCIATES, INC. *et al.*, Defendants.)

(No. 55850;

First District (4th Division)—September 26, 1973.

*Rehearing denied October 24, 1973.*

L. Louis Karon, of Chicago, for appellants.

Donald E. Egan and Joseph P. Della Maria, Jr., both of Chicago, (Rothschild, Barry & Myers, of counsel,) for appellee and cross-appellant.

Schiff, Hardin, Waite, Dorschel & Britton, of Chicago, (John J. Waldron, James B. O'Shaughnessy, of counsel,) for cross-appellee Prudential Insurance Co.

Arvey, Hodes & Mantynband, of Chicago, (Ralph A. Mantynband and Lawrence C. Rubin, of counsel,) for cross-appellee Max E. Miller & Son, Inc.

Mr. JUSTICE ADESKO delivered the opinion of the court:

H. F. Philipsborn & Co. (hereinafter Philipsborn) brought an action for breach of contract against Morris Suson (hereinafter Suson) and North Shore Estates, Inc. (hereinafter Estates) and for interference with its contractual rights against Suson, Prudential Insurance Company of North America (hereinafter Prudential) and Max E. Miller & Son, Inc., (hereinafter Miller). There were other parties-defendant in this action, but they were dismissed and are not involved in this appeal. This cause was tried before a jury. Verdicts were directed at the close of plaintiff's case in favor of Suson, Prudential and Miller. Verdict and judgment were entered in favor of plaintiff and against Suson and Estates in the sum of $109,760.00 and costs, and against Suson individually in the sum of $30,000.00.

On appeal Suson contends that:

> 1. The trial court erred in holding him personally liable on the application;

2. The trial court erred in permitting plaintiff during the trial, to amend its complaint to charge Suson with personal liability;

3. The trial court erred in its rulings on the admissibility of evidence; and

4. The trial court erred in granting plaintiff judgment on the notes.

On appeal Estates contends that:

1. The trial court erred in failing to hold that plaintiff breached its contract by failing to accept the application in writing within 60 days and by failing to procure a completion bond; and

2. The verdict and judgment are contrary to the manifest weight of the evidence.

On the cross-appeal, plaintiff contends that the trial court erred in directing verdicts for Suson, Prudential and Miller at the close of plaintiff's case.

On September 17, 1963, an application for a construction and mortgage loan was prepared by plaintiff and submitted to Suson. The application was on plaintiff's printed form with details typed in. The application provided that title was to be in the name of a "trust to be formed", which words were typed in, "or corporation to be formed", which words were added in ink. The application contained clauses concerning acceptance, completion bond and the notes in lieu of standby fee, which are discussed in detail in the opinion. The application is signed "North Shore Estates, Inc., by Morris Suson, Press". Suson executed and delivered notes totaling $30,000 to plaintiff in lieu of a standby fee. Plaintiff and Suson were unable to procure a completion bond. On November 12, 1963, Estates was incorporated in Illinois and on November 25, 1963, the Board of Directors of Estates adopted all of Suson's actions. On January 31, 1964, Suson went to Miller and filed a loan application. On March 24, 1964, Suson received the loan from Prudential. Plaintiff sent Suson mortgage documents and a note dated May 22, 1964. Suson returned the documents and the note.

■■ Defendant Susons' first contention on appeal was that the court erred in failing to hold that the contract imposed no personal liability on him. The mortgage application, dated September 17, 1963, was signed North Shore Estates, Inc. by Morris Suson, President. The amendment to the application required a personal obligation by Suson on three $10,000 notes which were in lieu of a standby fee. The application provided in handwriting that the title was to be in a corporation to be formed. Estates was incorporated on November 12, 1963, and on November 25, 1963, Estates' Board of Directors approved and adopted Suson's acts as promoter and assumed the liabilities which resulted therefrom.

Suson signed the mortgage application as the agent of a corporation to be formed. The application and other trial exhibits show that Philipsborn knew that Suson was not to be personally liable and that Estates was the corporation referred to in the application. The evidence leads us to the conclusion that Suson was not personally liable on the mortgage application. We find that the jury's verdict was against the manifest weight of the evidence. Due to our determination on Suson's first contention, it is unnecessary for us to discuss his second and third contentions.

■■ Susons fourth contention is that the court erred in entering judgment for $30,000 on the three notes. The contract provided that payment of the $30,000 standby fee shall be in addition to and not in lieu of Philipsborn's commission and reimbursement on its costs. The contract further provided that upon the opening of the loan on each section, one of said notes is to be cancelled and returned to Suson. The notes were meant to be security. Since Philipsborn obtained judgment against Estates for its commission, it is not entitled to double recovery by also obtaining judgment on the notes.

Defendant Estates' first contention on appeal was that the trial court erred in failing and refusing to hold that Philipsborn breached its contract by failing to accept its application in writing within sixty days and by failing to procure a completion bond. The application had been signed and dated October 2, 1963 by Philipsborn in the space provided for acceptance. Harry Stern, an officer of Philipsborn, testified that on October 2, 1963, he handed Suson a letter accepting the application. William Simon also an officer of Philipsborn, corroborated Stern's testimony. Suson denied that he ever received an acceptance from Philipsborn. This question of credibility was properly submitted to the jury and its finding was not against the manifest weight of the evidence.

■■ From our reading of the mortgage application, it appears that it is unclear as to which party was to obtain the completion bond. The trial court correctly admitted evidence extrinsic to the contract to clarify the ambiguity concerning the completion bond. There was conflicting testimony as to the interpretation of the completion bond clause. The question of interpretation was properly submitted to the jury and its finding was not against the manifest weight of the evidence.

On the cross-appeal, Philipsborn contends that the trial court erred in directing verdicts for Suson, Prudential and Miller at the close of its case. Philipsborn totally failed to show that Miller and Prudential induced Suson to breach the contract with Philipsborn. Philipsborn also totally failed to show that Suson induced Estates to breach the mortgage

contract. Upon viewing the evidence in its aspects most favorable to Philipsborn, we have determined that it so overwhelmingly favors Suson, Prudential and Miller, that no contrary verdict can stand. *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill.2d 494, 510, 229 N.E.2d 504.

For the reasons given, the judgments against Suson for $109,760 and costs on the contract and for $30,000 on the notes are reversed and the judgment against Estates on the contract is affirmed. The judgment in favor of Suson, Prudential and Miller and against Philipsborn is affirmed.

Judgment affirmed in part and reversed in part.

BURMAN, P. J., and DIERINGER, J., concur.